# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CR-76-JED ) |
| ANTHONY DWAN ROSS, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Release on Conditions (ECF No. 85). For reasons explained below, the motion is denied.

## I. Background

Defendant pleaded guilty to being a felon in possession of a firearm, received a 49-month custodial sentence, and began his term of supervised release on November 2, 2018. On December 19, 2018, a little over one month after his release, Judge Dowdell issued a warrant for Defendant's arrest based on a Petition for Warrant for Offender Under Supervision. This petition alleges that Defendant used marijuana and cocaine, failed to submit drug tests, and absconded from supervision for an eight-day period. ECF No. 52. On March 5, 2019, Defendant stipulated to the petition, and the Court set sentencing for April 4, 2019. ECF No. 67. On April 4, 2019, the Court passed Defendant's sentencing to August 5, 2019, in order to allow Defendant to participate in a substance abuse treatment program. ECF No. 68.

On May 31, 2019, approximately two months into Defendant's substance drug treatment, Judge Dowdell issued a second warrant for Defendant's arrest based on a second Petition for Warrant for Offender Under Supervision. ECF No. 70. The second petition alleges new crime violations, positive drug tests for cocaine, and failure to submit drug tests. Specifically, the

petition alleges that, on or around May 30, 2019, Ross was charged in Tulsa County District Court with Burglary – First Degree, Assault With a Dangerous Weapon, Threatening an Act of Violence, and Possession of a Firearm AFCF. The petition further alleges that, during his arrest for those charges, Ross was in possession of a High-Point 9mm firearm and was associating with a convicted felon.[1]

At the requests of the U.S. Probation Office, Judge Dowdell continued the revocation sentencing from August 5, 2019 to November 12, 2019, and then struck the sentencing to be reset at a later time. ECF Nos. 72, 73. On February 11, 2020, Defendant appeared before the undersigned for an Initial Appearance on the second petition. Defendant waived his rights to a preliminary hearing and a bail hearing, ECF Nos. 77, 78, and Judge Dowdell set a supervised release revocation proceeding for March 18, 2020, ECF No. 82. On March 17, 2020, the Court entered General Order 20-05, which continued in-court criminal proceedings due to the Coronavirus.[2] Judge Dowdell struck Defendant's revocation proceeding, to be reset at a later time. On March 20, 2020, Defendant filed the currently pending Motion for Release on Conditions, which was referred to the undersigned by Judge Dowdell (ECF No. 86).

Defendant urges the Court to revoke its prior Order of detention and order Defendant released, based on increased risks of contracting the Coronavirus as an inmate and the dismissal and/or reduction of the state charges referenced in the second petition. With respect to the Coronavirus, Defendant argues that "his continued detention requires him to live [in] a 1500-person petri dish otherwise known as David L. Moss Correctional Center." ECF No. 89 at 1.

---

[1] Defendant indicated in his briefs that he intends to stipulate to the second petition.

[2] On March 20, 2020, the Court entered General Order 20-06, which amended General Order 20-05. The new General Order also continued the in-court criminal appearance in this case.

2

With respect to the state charges, Defendant contends the State of Oklahoma dismissed the possession charge related to the High-Point 9mm and reduced the others to a misdemeanor charge, to which he pleaded guilty and completed a sixty-day custodial sentence. Defendant admits the conduct forming the basis of the misdemeanor conviction involved him beating up the boyfriend of a family member.

The United States argues that "[d]espite the misdemeanor status of defendant's newest convictions, the conduct involved Defendant and a convicted felon breaking into the apartment of an individual on April 27, 2019, holding a gun to his head, and beating him." ECF No. 87 at 3. The United States posits that Defendant is a criminal history category V and that his guidelines range for the new violations is estimated at 18-24 months.

## II. Analysis

Defendant did not cite any statutory authority as the basis for his motion. The Court construes the motion as one to reopen the detention issue pursuant to 18 U.S.C. § 3142(f)(2), because the motion is based on new developments occurring after Defendant waived his detention hearing. *See United States v. Whiteskunk*, No. 10-CR-00443-PAB, 2010 WL 5103031, at *1 (D. Colo. Dec. 9, 2010) (construing motion made alternatively pursuant to § 3142(f)(2) and § 3145 as one arising under 3142(f)(2), because it did not challenge the propriety of the original detention order but rather sought reconsideration of the order based on new developments). This construction of the motion is consistent with Judge Dowdell's referral of the motion to the undersigned. *See id.* (explaining that § 3142(f)(2) motions to reopen or reconsider detention/release decisions are decided by the same judicial officer who entered the original release or detention order, while § 3145(a) motions to revoke are decided by the assigned district court judge).


Under 18 U.S.C. § 3142(f)(2), a detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."[3] If reopened, the issue of detention pending the revocation proceeding is governed by 18 U.S.C. § 3143(a)(1) and Federal Rule of Criminal Procedure 32.1(a)(6), which provide that Defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community, considering conditions available to the Court.

Defendant has come forward with information not known to him when he waived a bail hearing, including: (1) the existence of the Coronavirus pandemic; (2) the district court's continuance of the revocation proceeding; (3) the State's dismissal and/or reduction of the state charges forming the basis of the second petition; and (4) completion of the custodial sentence imposed in state court. However, in this case, these new facts do not have a "material bearing" on the issue of whether there are conditions of release that will assure the safety of the community. Accepting all assertions in Defendant's motion, Defendant could not show by clear and convincing evidence he is not a danger to the community due to his criminal history and his prior, stipulated behavior while serving his term of supervised release. Specifically, Defendant's original offense involved illegal possession of a firearm; Defendant committed violations less than one month into his release; and Defendant committed a new law violation that involved (at a minimum) beating

---

[3] The waiver signed by Defendant echoes this standard, providing that "[a]t Defendant's request, and upon a finding by a judicial officer that information exists that has a material bearing on the issues of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judicial officer will conduct a detention hearing pursuant to 18 U.S.C. 3142(f)." ECF No. 78.

another person, after Judge Dowdell gave Defendant an opportunity for drug treatment prior to sentencing on the original revocation. While drug treatment would ordinarily be a condition considered by the Court to control risks of danger, this Defendant had that opportunity but continued using cocaine and committed a violent act while on release.

Further, while increased risk of obtaining Coronavirus in a jail setting is a relevant consideration, *see U.S. v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (citing current number of cases in New York City and relying on increased risk of contracting virus in jail setting as factor in release decision), the Court does not find that it warrants reopening the detention issue in this case, *see id.* (stating that a "comprehensive view of the danger the Defendant poses to the community requires considering all factors - including this one - on a case-by-case basis"). At this juncture, there is no known outbreak in the relevant correctional center; Defendant did not cite any particular health risks; and Defendant exhibited violent behavior and drug use while on supervised release. Under the specific facts, the Court does not find that the new information will have a material bearing on the detention issue, and the Court declines to reopen the detention issue or conduct a detention hearing pending the revocation proceeding and sentencing.

### III. Conclusion

Defendant's Motion for Release on Conditions (ECF No. 85), which the Court construes as a motion to reopen the detention issue pursuant to 18 U.S.C. § 3142(f)(2), is DENIED.

**SO ORDERED** this 27th day of March, 2020.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**